STATE OF MAINE
PENOBSCOT, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-07-278

TOWN OF NEWPORT, and Intervenors
TIMOTHY DONOVAN, WANDA FARMER,
And ROGER MONET

Plaintiffs

v.

ALBERT P. WHITAKER, JR.
INDIVIDUALLY and as TRUSTEE OF
PRESTON REALTY TRUST, et al.,

Defendants

ORDER ON PLAINTIFF TOWN
OF NEWPORT'S MOTION FOR
SUMMARY JUDGEMENT and
DEFENDANTS' MOTION TO
DISMISS FOR FAILURE TO
JOIN INDISPENSABLE
PARTIES

FILED & ENTERED
SUPERIOR COURT

. . / 2008

PENOBSCOT COUNTY

This matter came before the Court on June 17, 2008 for oral presentations on three Motions. The first motion is a Motion to Intervene brought by Timothy Donovan, Wanda Farmer and Roger Monet. It was granted on the record without objection from Attorney for Plaintiff Town of Newport, Edmund J. Bearor, or from Attorney for Defendants, Alton Stevens. Plaintiff Intervenors are represented by Attorney Mark Fortier.

Also before this Court is Plaintiff Town of Newport's Motion for Summary Judgment and Incorporated Memorandum of Law dated March 6, 2008. Attached to that Motion are two affidavits, along with a Statement of Material Fact. Defendants filed a Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, along with an Opposing Statement of Material Fact dated March 26, 2008. Plaintiff then filed a Consolidated Rule 56 Statements and Replies with Objections and Responses dated April 3, 2008. On March 27, 2008 Defendant Keith Whitaker signed an Affidavit, which was docketed by the Court on April 14, 2008.

The third motion is Defendants' Motion to Dismiss for Failure to Join Indispensable Parties under M.R. Civ. P. 19, dated March 26, 2008. Defendants allege that the Town of Newport, should have joined the Town of Plymouth and the residents of Sky Park Estates. They argue that if the Court finds that the discontinuance of the Town Line Road ("Road") in 1969 was ineffective, the Town of Plymouth would have an

1

obligation to maintain the road, and is therefore an indispensable party. Alternatively, if the Court finds that the Road was effectively discontinued, the Defendants argue that the residents of Sky Park Estates would have no legal access to their properties. The Defendants claim that the residents would then be indispensable parties that must be joined to this action.

The Court in this Order grants the Plaintiff Town of Newport's Motion for Summary Judgment because it finds that the discontinuance of the Road was ineffective.

The Court further finds that the Town of Plymouth is not an indispensable party within the meaning of M.R. Civ. P. 19. Finally, because the Court herein grants the Plaintiff's Motion for Summary Judgment, and because it finds that the Road was not discontinued, it does not need to reach the issue of indispensability with respect to the Sky Park residents.

## FINDINGS AND CONCLUSIONS

*A. Town of Newport's Motion for Summary Judgment*

The statute[1] that controls the Court's decision herein states as follows:

> No taking, layout, or acceptance of land or any interest therein by a municipality...or discontinuance of the same, after the effective date of this act, shall be effective against persons without actual notice[2] thereof, unless there is recorded in the registry of deeds for the county where the land lies, either a deed or certificate attested by the clerk of said municipal corporation, describing the land, and setting forth the final action of the municipal corporation in regard thereto. R.S. 1954, c. 96, § 33, as amended by Laws 1959, c. 91, § 73-A.

The Court construes this statute to create in this case an obligation on the Town of Plymouth to provide notice of its intent to discontinue a road such that a person had actual notice of the discontinuance before that person was bound by the Town's action. If the Town of Plymouth filed a deed or certificate in the registry of deeds describing the final and official act of discontinuance recorded, all persons were deemed to have notice.

---

[1] This statute has been replaced by 23 M.R.S.A. § 3024 which reads:

"No taking of property or interests therein by a municipality, or the discontinuance of a town way except by abandonment, after September 12, 1959, shall be valid against owners of record or abutting landowners who have not received actual notice, unless there is recorded in the registry of deeds for the county where the land lies either a deed, or a certificate attested by the municipal clerk, describing the property and stating the final action of the municipality with respect to it."

[2] The Court notes that Plaintiff's recitation of this statute on page three of its Memorandum in Support of Summary Judgment states "actual knowledge." This appears to be a typographical error which was then relied on by Defendants in error on page 2 of their Memorandum in Opposition to Plaintiff's Motion. The Court reviewed page 194 of the Laws of Maine 1959 and found that the legislature used the words "actual notice," not "actual knowledge."

2

The record before the Court establishes that the sole action taken by the Town of Plymouth in 1969 with respect to the discontinuance of the Road was to post attested copies of a warrant at the Village Store and Plymouth Grange Hall on March 12, 1969. [See Officer's Return, Ex. A to Plaintiff's Motion for Summary Judgment.] That warrant contained the following: "Art. 35. To see if the town will vote to discontinue the road leading from the State Road No. 7, to the former James Weymouth Place, so-called." [Ex.B to Plaintiff's Motion for Summary Judgment.]

Defendants have challenged the propriety of the affidavit of Town Manager Ricker as to his competence to testify by affidavit regarding the Officer's Return and the Warrant. However, this Court finds these documents admissible under the public records and reports hearsay exception. M.R. Evid. 803(8).

Defendants also argue that Plaintiff Town of Newport has failed to prove the absence of a public record, namely the failure on the part of the Town of Plymouth to record the discontinuance action in the Registry. However, the Court finds that under M.R. Evid. 902, and M.R. Evid. 803(10), the affidavit of Barbara Norris is sufficient to establish that the Town of Plymouth failed to record any such document.

For the discontinuance of the Road to be effective, the public needed to be on notice. The statute in effect at the time outlines two ways of providing notice, actual notice or record notice. Here, the warrant at the store and grange hall was insufficient to provide actual notice to residents of the Town of Newport, and the Town of Plymouth did not record the discontinuance of the Road in the Registry of Deeds. The Town of Plymouth's failure to adequately put the Plaintiffs on notice compels the Court to find that the discontinuance of the Road was ineffective.

Finally, the Court believes that the Plaintiffs will be irreparably harmed if it is unable to access the Road to provide emergency services, and that such injury far outweighs any harm to the Defendants. Clearly, the Town's ability to access the Road to provide such services is in the public interest. See *Ingraham v. University of Maine*, 441 A.2d 691 (Me. 1982).

Consequently, Defendants may not take any further action to block Plaintiffs' access to the road, and they are permanently enjoined from doing so.

*B. Defendants' Motion to Dismiss*

With respect to the Motion to Dismiss for Failure to Join the Town of Plymouth under Rule 19, the Court finds that the Town of Plymouth is not an indispensable party because Defendants have failed to establish that the Town of Plymouth "claims an interest relating to the subject of the action" through affidavit or otherwise. In addition, the Defendants have failed to articulate how this finding would impair the Town of Plymouth's ability to protect any such interest, or how this finding would subject the

3

current parties to a risk of incurring inconsistent obligations. Defendants' Motion to Dismiss for Failure to Join Indispensable Party is therefore denied.

The entry shall therefore be:

1). Plaintiff Town of Newport's Motion for Summary Judgment is granted and Defendants are permanently enjoined from blocking Town Line Road.

2). Defendants' Motion to Dismiss is denied.

The Clerk is directed to note this Order on the Docket by reference, as incorporated by reference, pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

7/1/08
DATE

SUPERIOR COURT JUSTICE
M. Michaela Murphy

4

Edmond Bearor Esq & Deborah Reece, Esq. for Plaintiff
Alton Stevens, Esq. for Preston Realty Trust, Keith Whitaker and Wayne Whitaker & Albert Whitaker
Mark Fortier, Esq. for Timothy Donovan and Wanda Farmer and Roger Monette