Robert Christopher INGRAHAM

v.

UNIVERSITY OF MAINE AT ORONO,
Paul Silverman, President, and David
Cox, Penobscot County District Attor-
ney.

Supreme Judicial Court of Maine.

Argued Jan. 19, 1982.

Decided Feb. 23, 1982.

Robert Christopher Ingraham, pro se.

John M. R. Paterson (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for University of Maine at Orono.

Gary F. Thorne, Mitchell & Stearns, Bangor, for David Cox, Dist. Atty.

Before McKUSICK, C. J., and ROBERTS, CARTER, VIOLETTE and WATHEN, JJ.

PER CURIAM.

■ Plaintiff Robert Christopher Ingraham, takes this appeal from an order of the Superior Court, Penobscot County dismissing his complaint against the defendant, David Cox.[1] Defendant Cox's motion to dismiss was predicated primarily on the plaintiff's failure to state a claim upon which relief could be granted, pursuant to M.R.Civ.P. 12(b)(6).

■ We note at the outset that we have no jurisdiction over the dismissal of the complaint against University of Maine at Orono and Silverman because the only notice of appeal filed in this case was filed after the dismissal of the complaint as to Cox and before the complaint against University of Maine at Orono and Silverman was actually dismissed. M.R.Civ.P. 73 requires that an appeal be taken from a *judgment* of the Superior Court. Because the case against University of Maine at Orono and Silverman had not been dismissed, there was no judgment from which to appeal. Moreover, no notice of appeal was ever filed after the dismissal as to University of Maine at Orono and Silverman and judgment on that dismissal was docketed in the Superior Court.

Plaintiff also seeks from this Court injunctive relief to prevent certain individuals from harassing him.[2] We affirm the judgment of dismissal and deny the injunctive relief.

■ A careful reading of the complaint indicates that it fails to state a cause of action against defendant Cox and was therefore properly dismissed. The complaint alleges only that Cox's part in the 'UMO conspiracy' to harass the plaintiff was the prosecution of numerous criminal trespassing charges. The record before us establishes that the criminal trespass charges apparently arose initially after the plaintiff ignored a June 1980 order by the Acting President of University of Maine at Orono, excluding the plaintiff from the Orono campus of the University of Maine. The plaintiff does not allege in his complaint that defendant Cox took any action outside the course of the normal prosecution of criminal charges. A district attorney, as a prosecuting officer of the State, enjoys absolute immunity from suit, including suit under 42 U.S.C. § 1983, when acting within the scope of his official duty. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 422–424, 96 S.Ct. 984, 991–992, 47 L.Ed.2d 128, 138–40 (1976). The complaint against Cox was properly dismissed.

The plaintiff seeks the following injunctive relief from this Court:

(1) reversal and recission of his convictions for criminal trespass,

---

1. The record before this Court indicates that at the time the plaintiff filed his notice of appeal to the Law Court there was no final judgment pursuant to M.R.Civ.P. 54(b) because plaintiff's claim against the University of Maine at Orono and Silverman was still pending. Nevertheless, because this is a pro se case and because the complaint against University of Maine at Orono and Silverman was later dismissed, we reach the merits of the Cox dismissal.

2. M.R.Civ.P. 62(g) provides us with the jurisdiction over plaintiff's motion for injunctive relief.

(2) reinstatement of the plaintiff as a student at University of Maine at Orono and requiring University of Maine at Orono to give plaintiff a job,

(3) issuance of a preliminary and permanent injunction restraining the defendants from denying admission, employment and due process, and other conduct intended to harass the plaintiff.

Before granting a preliminary or permanent injunction, the Court must find that four criteria are met:

(1) that plaintiff will suffer irreparable injury if the injunction is not granted,

(2) that such injury outweighs any harm which granting the injunctive relief would inflict on the defendant,

(3) that plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility),

(4) that the public interest will not be adversely affected by granting the injunction.

*Women's Community Health Ctr. v. Cohen*, 477 F.Supp. 542, 544 (D.Me.1979); *UV Indus. Inc. v. Posner*, 466 F.Supp. 1251, 1255 (D.Me.1979). An injunction is not the proper avenue of relief for reversal of criminal convictions; his sole remedy is at law by either direct appeal or post-conviction review.[3] Further, the plaintiff has failed to sustain his burden of proving that the four above criteria have been met with respect to the other injunctive relief sought. At the very least, plaintiff has not carried his burden of proving a likelihood of success on the merits. Moreover, plaintiff's motion does not indicate that he will suffer irreparable injury. The motion and attached affidavits merely indicate that the plaintiff's alleged continued violation of his special condition of probation—that he not enter the University of Maine at Orono campus (after convictions for criminal trespass)—

will result in his being arrested while on campus and physically removed therefrom. We must therefore deny the injunctive relief sought.

The entry is:

Judgment affirmed.

Motion for injunctive relief denied.

All concurring.

---

3. We note a procedural irregularity in the plaintiff's conviction on December 9, 1981 of criminal trespassing, 17–A M.R.S.A. § 402, a Class E crime. Ingraham was sentenced to six months in jail; sentence was suspended and he was placed on probation for a year and a half. 17–A M.R.S.A. § 1202(1) provides that probation for a Class E crime cannot exceed one year. Ingraham's proper avenue of relief in this instance is to seek post-conviction review.