STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-065

GAB-YOR-3/16/2001

COURTNEY J. GAVIN,

     Plaintiff

    v.

**ORDER**

KENNETH PAUL, Town of Acton
Code Enforcement Officer,

     Defendant

Following hearing, Mr. Gavin's Motion for a Temporary Restraining Order is Denied.

Mr. Gavin "acting on behalf of the Municipality of Acton" seeks a restraining order preventing town officials from issuing building or occupancy permits for a proposed building project. At this time the project is before the Planning Board awaiting action on a request for Conditional Use Permits.

Before a Temporary Restraining Order may issue, the moving party must establish the four criteria set out in *Ingraham v. University of Maine at Orono,* 441 A.2d 691 (Me. 1982). Among these is the requirement that the moving party demonstrate a likelihood of success on the merits of the underlying claims. On this point, at least, Mr. Gavin falls short.

It is not at all clear that Mr. Gavin himself can bring an action on behalf of the Town. In order to have legal standing to bring an action a person must have

suffered some particularized harm himself. This particularized harm must be directly focused on that persons legal interests themselves as distinguished from some generalized harm that a townsman might experience as a result of alleged maladministration on the part of local officials. Further, the issues raised in the complaint are not yet ripe for adjudication. The permits complained about have yet to be issued. It would be premature at this point for the Superior Court to intervene in the administrative procedures of the Town.[1]

The clerk may incorporate this order in the docket by reference.

Dated: March 16, 2001

PLT: PRO SE
Courtney J. Gavin
1939 Milton Mills Rd
Acton Me 04001

DEFS: Durward Parkinson, Esq.
BERGEN & PARKINSON
62 Portland Rd
Kennebunk Me 04043

INTERESTED PARTY:
PATRICK HANNON:
Lawrence Walden, Esq.
PO Box 7320
Portland Me 04112-7320

G. Arthur Brennan
Justice, Superior Court

---

[1] Having failed to demonstrate a likelihood of success on the merits, it is unnecessary to analyze the remaining *Ingraham* criteria. However, this should not be construed as suggesting they have been met.