STATE OF MAINE

KENNEBEC, ss.


STATE OF MAINE,

     Plaintiff

     v.

CHOICE TOBACCO, INC., *et al,*

     Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-132
DHM-KEN-4/8/2004


ORDER ON MOTION FOR
TEMPORARY RESTRAINING
ORDER

DONALD L.
LA

MAY 28 2004

This matter is before the court upon motion for temporary restraining order by

defendant. This is an enforcement action brought by the Attorney General on behalf of

the State of Maine in accordance with the so-called "Big Tobacco Master Settlement

Agreement." The specific enforcement is under the "Escrow Statute" arising as a result

of the Master Settlement Agreement and found in 22 M.R.S.A. § 1580-G *et seq.* The

defendant seeks to enjoin the plaintiff Attorney General from removing its product

from the directory of complying tobacco product manufacturers authorized to be sold

in this State mandated by the so-called "Contraband Statute," 22 M.R.S.A. § 1580-L, and

to order the plaintiff to accept escrow payments for the years 1999, 2000 and 2001 net of

post-release determinations and without penalty.

The subject matter of this litigation is described by this court in its order on

motions dated April 11, 2003. In summary, the defendant, a nonparticipating tobacco

manufacturer under the Master Settlement Agreement, has been required under Maine

law, in the event it chooses not to participate in the Master Settlement Agreement, to

place in escrow certain amounts founded upon the number of its cigarettes sold in

Maine during the year. The amount to be deposited is based upon a statutory formula.

The nonparticipating tobacco manufacturer is given an opportunity under this statute

to provide evidence that the amount placed in escrow is in excess of that amount mandated by the Master Settlement Agreement. The Attorney General is authorized, upon receipt of such evidence, to effectuate a release of the excess escrowed funds. The circumstances under which the release is authorized was amended in the year 2003, subsequent to the years of obligation in question but while negotiations were taking place between plaintiff and defendant. Defendant argues, in its motion, that the plaintiff is seeking to retroactively apply an amendment to the statute as to the amount required to be escrowed. The State responds that the amendment of 2003 does not affect the amount required to be escrowed but affects the amount it is authorized to release. Because of the amounts involved and the relatively small size of the operation of the defendant, it seeks injunctive relief.

In order for this court to grant preliminary or permanent injunctive relief, it must find that four criteria are met:

(1)     that defendant will suffer irreparable injury if the injunction is not granted,

(2)     that such injury outweighs any harm which granting the injunctive relief would inflict on the plaintiff,

(3)     that defendant has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility),

(4)     that the public interest will not be adversely affected by granting the injunction.

*Ingraham v. University of Maine*, 441 A.2d 691 (Me. 1982) citing *Women's Community Health Center v. Cohen*, 477 F.Supp. 542 (D.C. Me. 1979), *UV Indus., Inc., v. Posner*, 466 F.Supp. 1251 (D.C. Me. 1979).

The Maine Tobacco Manufacturers Act found in 22 M.R.S.A. §§ 1580-G, 1580-H and 1580-I requires a tobacco product manufacturer selling cigarettes to consumers within this State to either become a participating manufacturer and perform its financial obligations under the Master Settlement Agreement or place into a qualified escrow fund by April 15 of a given year an amount based upon units sold the previous year according to a formula. The tobacco product manufacturer who places funds into escrow is entitled to receive interest and other appreciation on such funds as earned. These funds must be released from escrow only under two circumstances. The first is to pay a judgment or settlement on any claim brought against the tobacco product manufactured by the State. Secondly,

> to the extent that a tobacco product manufacturer establishes that the amount it was required to place into escrow on account of units sold in the State in a particular year was greater than the Master Settlement Agreement payments, . . ., that such manufacturer would have been required to make an account of such units sold had it been a participating manufacturer, the excess must be released from escrow and revert back to such tobacco product manufacturer.

22 M.R.S.A. § 1580-I(2)(A)(2).

> Prior to the effective date of Public Laws of 2003, Chapter 435, that section read:

> to the extent that a tobacco product manufacturer establishes that the amount it was required to place into escrow in a particular year was greater than the State's allocable share of the total payments that such manufacturer would have been required to make in that year under the Master Settlement Agreement . . . had it been a participating manufacturer, the excess shall be released from escrow and revert back to such tobacco product manufacturer.

That has been the status of the so-called "Escrow Statute."

Title 22 M.R.S.A. § 1580-L is the so-called "Contraband Statute." This statute provides, among other things, that every nonparticipating manufacturer whose cigarettes are sold in this State must prepare a certification to the Attorney General no earlier than April 15 of each year and no later than April 30 of each year a certification

that it is in full compliance with the Tobacco Manufacturers Act. Section 1580-L(3). In response, the Attorney General is required to develop and make available for public inspection a directory listing all tobacco product manufacturers that have provided accurate certification conforming to the law. Section 1580-L(6). Subsection A of subsection 6 provides that the Attorney General may not include in the directory names of the nonparticipating manufacturers that fail to provide the required certification and, further, subsection B provides that the Attorney General may not include a tobacco manufacturer in the directory who has not made all escrow payments as required.

It is undisputed that the defendant is a nonparticipating tobacco manufacturer. It is not disputed that the defendant has not made any payments into an escrow account nor provided any certification to the Attorney General in accordance with the statute for the years in question. It is the defendant's position that it should not do so until a matter of legal interpretation is resolved because it and the Attorney General differ over the proper amount to be retained in the escrow account for the years in question.[1]

Defendant argues that the effect of the amendment was to increase its net escrow requirement tenfold and that it is entitled to deposit in escrow in order to satisfy the Attorney General only the net amount taking into consideration its entitlement to release under the statute. Further, it argues it should only be required to deposit in escrow the net amount to be found after release required under the law prior to the amendment of 2003. Since the Attorney General removed the defendant from the statutory directory as of December of 2003 and as a result, the defendant is no longer authorized to sell its cigarette products in the State of Maine, it asks this court to

---

[1] The legal dispute involves the question of retroactivity of the amendment to the law as described. But for the years 1999, 2000 and 2001, those requirements existed long before the amendment to the law yet no escrow payments were made.

mandatorily enjoin the Attorney General and require it to place defendant's name in the directory.

There are a number of reasons why this court cannot grant defendant's motion. First, it comes to this court asking for equitable relief but it has taken no actions to provide its own equitable conduct by complying with the law and making the escrow payments in a timely manner. To seek equity it must be do equity. Secondly, it has not made an effort to comply with the statute and has not exhausted its administrative remedies to place itself in compliance. Its remedy is to make the escrow payments called for and, to the extent that the Attorney General does not provide the release in accordance with what defendant believes the correct status of law to be, it can then obtain a legal determination seeking a release.

Defendant has not submitted a certification as required by the law. The statute is mandatory with regard to the actions of the Attorney General in maintaining the directory. Failure to make the certification not only is a violation of the compulsory language of the statute, it also prevents the Attorney General from making a determination of the appropriate release amount, had the escrow payments been made.

Finally, the defendant is asking this court to order the Attorney General to violate the law which it is not willing to do.

The defendant claims it is only required to escrow funds for the three years in question based upon the law in existence at that time. The Attorney General argues that the law with respect to the requirement of funds being placed in escrow has not been amended but that it is the law with regard to the amount to be released from escrow that was amended. To the extent there exists an issue between the parties as to the retroactive effect, if any, on the 2003 amendment to section 1580-L, this court need not

reach that question since the defendant is not entitled to injunctive relief for the reasons indicated.

The entry will be:

Defendant's motion for temporary restraining order/preliminary injunction is DENIED.

Dated: April ___, 2004

Donald H. Marden
Justice, Superior Court

Attorney for: STATE OF MAINE
MELISSA REYNOLDS O'DEA
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

**DOCKET RECORD**

vs
CHOICE TOBACCO INC - DEFENDANT

Attorney for: CHOICE TOBACCO INC
PHILLIP E JOHNSON
JOHNSON & WEBBERT, LLP
160 CAPITOL ST
PO BOX 79
AUGUSTA ME 04332-0029

CHOICE TOBACCO USA LTD. - DEFENDANT
CHOICE DISTRIBUTING, INC. - DEFENDANT
JOSEPH SPRIET  - DEFENDANT
IRENE SPRIET  - DEFENDANT
FRANK LAVA  - DEFENDANT
DINAH LAVA  - DEFENDANT
LUCIEN VIAENE  - DEFENDANT
JEAN VIAENE  - DEFENDANT
I.J. HOLDINGS LTD - DEFENDANT
D & F HOLDINGS LTD - DEFENDANT
LJV HOLDINGS INC - DEFENDANT

Filing Document: COMPLAINT
Filing Date: 07/18/2002

Minor Case Type: OTHER STATUTORY ACTIONS

## Docket Events:

07/18/2002 FILING DOCUMENT - COMPLAINT FILED ON 07/18/2002

07/18/2002 Party(s):  STATE OF MAINE
          ATTORNEY - RETAINED ENTERED ON 07/18/2002
          Plaintiff's Attorney: MELISSA REYNOLDS O'DEA

07/18/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/18/2002
          Plaintiff's Attorney:  MELISSA REYNOLDS O'DEA
          MAILED TO ATTY. OF RECORD.

07/18/2002 Party(s):  CHOICE TOBACCO INC
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/18/2002

07/18/2002 Party(s):  CHOICE TOBACCO USA LTD.
          SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 07/18/2002

07/18/2002 Party(s):  STATE OF MAINE
          MOTION - EX PARTE ATTACH/TRUSTEE PROC FILED ON 07/18/2002

07/22/2002 Party(s):  STATE OF MAINE