STATE OF MAINE                                  SUPERIOR COURT
CUMBERLAND, ss.                                 CIVIL ACTION
                                                Docket No. CV-05-691


RILEY INSURANCE AGENCY,
LLC

                    Plaintiff,

        v.                                      ORDER

CHAMPOUX INSURANCE
AGENCY, INC.

            Defendant.


Before the court is plaintiff's motion for a preliminary injunction directing defendant to pull its yellow pages ad using the name of "Peoples Insurance" from the forthcoming Bath-Brunswick telephone directory and prohibiting defendant from going into business in the Brunswick area under the name of Peoples Insurance. The court has reviewed the submissions of the parties and considered the arguments presented at the hearing on November 30, 2005.

To obtain a preliminary injunction, a plaintiff has the burden of demonstrating that the following four criteria have been met:

(1) that the plaintiff will suffer irreparable injury if an injunction is not granted;

(2) that such injury outweighs any harm which an injunction would inflict on the defendant;

(3) that the plaintiff has exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and

(4) that the public interest will not be adversely affected by an injunction.

Department of Environmental Protection v. Emerson, 563 A.2d 762, 768 (Me. 1989), citing Ingraham v. University of Maine, 441 A.2d 691, 693 (Me. 1982). These criteria are not to be applied in isolation; instead, a court of equity should weigh all the factors together. Emerson, 563 A.2d at 768.[1]

The parties agree for purposes of this motion that registering an assumed name does not constitute actual use of that name for purposes of determining priority, see 13-C M.R.S.A. § 404(7), and that Riley's 2000 registration of the assumed name "Peoples Insurance Agency" does not automatically give it priority over Champoux's 2005 registration of the substantially identical assumed name "Peoples Insurance." Riley therefore must show actual use to prevail on the merits of its claim.

The urgency of this motion results from the fact that defendant has placed a yellow pages ad under the name Peoples Insurance for the forthcoming Bath-Brunswick yellow pages and today is apparently the last date that the entry in question can be changed. Accordingly, the parties have briefed the preliminary injunction on an expedited schedule. The court suspects that there are a number of subtleties with respect to the common law of trademark that the parties have not had a chance to explore and that the court has not had time to research.

The court concludes that Riley has made a sufficient showing of actual use, at least at the time that Riley acquired the Peoples Insurance Agency in 2000 and sought renewals from Peoples customers. It has therefore established rights in the name Peoples Insurance. See Millar Aff. ¶5. At the same time, however, conspicuously absent from Riley's papers is any showing that it is continuing to use the name. It is likely that the policy renewals that Riley intended to obtain from its acquisition of the Peoples

---

[1] Thus a very strong showing of irreparable injury would result in a less stringent test for likelihood of success on the merits and a very strong showing on the merits would result in a less stringent requirement of proof of irreparable harm. Id.

Insurance Agency in January 2000 have already been obtained. Riley Insurance has also offered no evidence that it is currently advertising its connection with the former Peoples Insurance Agency, and Champoux has offered evidence to the contrary. It may be, therefore, that Riley has essentially retired the name Peoples. Given that it has had five years to form and maintain a relationship with former Peoples customers, those customers presumably know that they are dealing with Riley.[2]

Nevertheless, the Law Court's decision in Knowles Co. v. Northeast Harbor Insurers, 2002 ME 6 ¶¶12-14, 788 A.2d 587, 589-90, strongly suggests that abandonment of a trademark should not be presumed but must be affirmatively shown. Champoux has not offered evidence of abandonment, and even minimal continuing use would appear to be enough to prevent such a finding. Accordingly, the court concludes that Riley has established a likelihood of success on the merits. Moreover, the court also agrees that the harm to Riley would be irreparable because of the near impossibility of figuring out monetary damages in this case.

Lastly, 13-C M.R.S.A. § 404(7) expressly allows entry of an injunction if an assumed name is filed that did not comply with the requirements of § 401. Section 401(2)(B) requires that names must be distinguishable from assumed names already on file. In the court's view, the name "Peoples Insurance" recently registered by Champoux is not distinguishable from the name "Peoples Insurance Agency" which Riley has already on file.

The court also concludes that on the balancing of the harms criterion, the harm to Riley outweighs the harm to Champoux because Champoux remains free to change its

---

[2] Riley has not established on this record that Champoux has violated any standstill agreement.

3

yellow page listing to the "Champoux Agency" and conduct business in the Brunswick area.[3] The public interest is not affected here.

The entry shall be:

Plaintiff's motion for a preliminary injunction is granted for the reasons stated. Defendant is ordered to change the name of its yellow page listing from Peoples Insurance to a different name and is enjoined from operating an insurance agency under the name Peoples Insurance in any town covered by the Bath-Brunswick telephone book. As a condition of this injunction, plaintiff will be required to post a bond in the amount of $10,000. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a)

Dated: December _/_, 2005

Thomas D. Warren
Justice, Superior Court

---

[3] What will happen to the white pages listing will have to be sorted out later.

David van Dyke, Esq.

Pl.

Terry Snow, Esq.

Def.