STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-10-001

MATTHEW CROWLEY,

       Plaintiff

v.

       **ORDER**

RICHARD DUROST, in his capacity
as Executive Director of the Maine
Principal's Association,

       and

MAINE PRINCIPAL'S ASSOCIATION,

       Defendants

Pending is Mr. Crowley's Motion for a Temporary Restraining Order. Following hearing, the Motion is Denied.

The facts and procedural history of this case before the Maine Principal's Association (M.P.A.) and the nature of the irreparable injury claimed by Mr. Crowley are set out in considerable detail in his filings. These events do not appear to be in dispute. Briefly stated, Matthew, who is a senior hockey player at Thornton Academy, has been declared ineligible to compete in M.P.A. sanctioned events. He has exhausted his appeal rights within the M.P.A. and seeks injunctive relief in this court asserting that the M.P.A. has denied him procedural due process, specifically the right to be heard, to present evidence and to receive a statement of the basis for the decision. He also argues that the decision was arbitrary.

While even casual observers of high school athletic competition realize the importance which the participants, their families, schools and indeed whole communities attach to these competitions, nevertheless, before injunctive relief is warranted the applicant must meet the familiar *Ingraham* criteria 441 A.2d 691 (Me. 1982), one of which require a demonstration of a likelihood of success on the merits of the claim.

Here, the claim is a denial of procedural due process. The weight of authority suggests that a student has no constitutionally protected property or liberty interest in participating in inter-scholastic athletics. *Mancuso v. Mass. Interscholastic Athletic Assn.*, 453 Mass. 116 (2009), 900 N.E.2d 518; *Pelletier v. Maine Principals' Assn.*, 261 Fed. Supp.2d 10 (Me. 2003). Absent a violation of a constitutional right, a due process claim is unlikely to succeed. Thus, the request for temporary injunctive relief is Denied, without prejudice to any future proceedings in this case.

Dated:  January *13*, 2010

G. Arthur Brennan
Justice, Superior Court

PLAINTIFF:
GARY M. PROLMAN, ESQ.
LAW OFFICE OF GARY M. PROLMAN
482 CONGRESS STREET, SUITE 303
PORTLAND, ME    04101

DEFENDANT:
KATHARINE I. RAND, ESQ.
MARGARET COUGHLIN LEPAGE, ESQ.
PIERCE ATWOOD, LLP
ONE MONUMENT SQUARE
PORTLAND, ME    04101