STATE OF MAINE                                              SUPERIOR COURT
                                                              CIVIL ACTION
YORK, ss.                                              DOCKET NO. CV-11-095

                                                       *PAf - YoR - S/16/2011*

MAINE SHELLFISH COMPANY, INC.,

                    Plaintiff

                                                       **ORDER AND DECISION
         v.                                            ON MOTION FOR TEMPORARY
                                                       RESTRAINING ORDER**

MAINE COAST SHELLFISH, LLC,

                    Defendant


         The plaintiff is an Ellsworth and Kennebunk based seafood distributor that has

operated under the name of Maine Shellfish for some 62 years.  It is also part of a larger

group based in Ipswich, Massachusetts.  Their trucks are well known in Maine with

their distinctive markings and colors.  The defendant is a new company owned by Tom

Adams who has extensive experience in the seafood industry.  The new York, Maine,

based company has chosen the name Maine Coast Shellfish, but has a different logo and

colors from Maine Shellfish.  Neither company sells retail while both compete to sell to

restaurants, fish markets and other businesses.

         Maine Shellfish filed an amended complaint on May 10, 2011 alleging, among

other claims, that "Maine Shellfish" is a non-registered trademark and that the use by

the defendant of the mark "Maine Coast Shellfish" will result in confusion to the public

and constitute a deceptive trade practice, which will infringe upon its long held

trademark.

         Maine Shellfish filed a motion for preliminary injunction with supporting

affidavits seeking to prohibit the defendant from operating under the name Maine

Coast Shellfish.  The motion was treated as a request for a temporary restraining order

with notice. The defendant submitted affidavits, both parties have filed memoranda and oral argument was held on the afternoon of May 13, 2011.

Under well-established Maine law there are four factors to be considered before a temporary restraining order or preliminary injunction may be granted. See *Ingraham v. University of Maine at Orono*, 441 A.2d 691, 3 (Me. 1982). Among those is the requirement that the moving party "... exhibited a likelihood of success on the merits (at most, a probability; at least, a substantial possibility) ...."

Here the central question is whether the plaintiff has a protectable interest in the term "Maine Shellfish" or whether it is a generic term which is not protectable. Several First Circuit decisions are particularly helpful in answering this question.

In *Borinquen Biscuit Corp. v. M.V. Trading Corp.*, 443 F.3d 112, 116 (1st Cir. 2006) the Court decided a claim of trademark infringement involving "galletas" which include Latin-American crackers, cookies and biscuits. The Court determined that in order to qualify for trademark protection the mark must be distinctive and that "When considering whether a mark meets that standard, courts often employ a taxonomy that classifies marks along a continuum of increasing distinctiveness. That continuum contains five categories: generic marks, descriptive marks, suggestive marks, arbitrary marks, and fanciful marks .... By definition, generic marks can never be ranked as distinctive." The remaining four categories "... are considered inherently distinctive."

Generic terms cannot acquire common law protection through a development of a secondary meaning while a descriptive term "... can become protectible if it has acquired sufficient secondary meaning as to be associated with a particular product." *Purolator, Inc. v. EFRA Distributors, Inc.*, 687 F.2d 554, 562 (1st Cir. 1982). A "secondary meaning" was described by the Law Court as, "A name, though, could warrant protection if it acquired a secondary meaning so that the consuming public associated

2

the name with a particular business or service." *Sebago Lake Camps, Inc. v. Simpson*, 434 A.2d 519, 521 (Me. 1981).

Lastly, in *Miller Brewing Company v. Falstaff Brewing Corporation*, 655 F.2d 5 (1st Cir. 1981) Miller failed in its argument that it, and it alone, was entitled to sell "LITE" beer. The opinion, at 7, referred to numerous cases, starting in 1977, ... "in which Miller was denied relief because 'LITE' was a 'generic' term and so could not acquire a secondary meaning." "A generic or common descriptive term is one which is commonly used as the name or description of a kind of goods" *Miller*, at 7, quoting *Miller Brewing Co. v. G. Heileman Brewing Co.*, 561 F.2d 75, 79 (7th Cir. 1977), *cert. denied*, 434 U.S. 1025.

After discussing multiple examples with counsel and after more thought my initial view is that the term "Maine Shellfish" is a generic term referring to a group of products. As one could not have the exclusive use of the term "LITE beer" one cannot have the exclusive use of the term "Maine Shellfish". It is true that there is a company by that name but it is also a generic name. As such it is not entitled to protection and the motion for a temporary restraining order is denied.

Further proceedings may be before any Justice.

The entry is:

Plaintiff's motion for a preliminary injunction was treated as a motion for temporary restraining order. The motion for a temporary restraining order is denied.

By June 1, 2011 the parties shall inform the Clerk of the duration of the requested discovery period, whether the request for preliminary injunction should be consolidated with the trial on the merits, and when the parties will be ready to proceed with the next hearing.

Dated:     May 16, 2011

Paul A. Fritzsche
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF:
MICHAEL J DONLAN
VERRILL & DANA
PO BOX 586
PORTLAND ME   04112-0586

ATTORNEYS FOR DEFENDANT:
MELISSA HEWEY
ELEK A MILLER
DRUMMOND WOODSUM & MACMAHON
84 MARGINAL WAY SUITE 600
PORTLAND ME   04101