STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-11-231
C7AB - YOR - 11/15/2011

VITORINO AMERICA, Individually
And derivatively on behalf of SUNSPRAY
CONDOMINIUM ASSOCIATION,

Plaintiff

v.

**ORDER**

BOARD OF DIRECTORS OF SUNSPRAY
CONDOMINIUM ASSOCIATION, et al.,

Defendants

Pending is Mr. America's Motion for Temporary Restraining Order. Following hearing the Motion is Denied.

This is a dispute between the Board of Directors of the Sunspray Condominium Association and a unit owner individually and derivatively on behalf of the association. The origins of the dispute involve whether the board is effectively enforcing a no smoking on the premise regulation. The immediate issue before the court has to do with a recent election for the association's board. Specifically, Mr. America alleges that certain irregularities in the election procedure fatally taint the recent election of board members. These irregularities are set out in detail in his pleadings. He requests that the court declare the most recent election void and order a prompt, new election.

The Board challenges Mr. America's standing to bring this action; the merits of the claim and the sufficiency of the showing for immediate injunctive relief.

In order to obtain preliminary injunctive relief, Mr. America must satisfy the familiar *Ingraham* criteria: 1) a likelihood of success on the merits; 2) irreparable injury; 3) injury which will exceed any damage caused to the defendant as a result of an injunctive order; and 4) no adverse consequence to a public interest. *Ingraham v. University of Maine at Orono*, 441 A.2d 691 (Me. 1982).

The challenged election occurred on September 3, 2011. The by-laws require the next election to be held in July, 2012. Mr. America claims he will suffer irreparable injury because the Board, if elected through an invalid procedure, lacks legitimate authority to act on behalf of the Association. However, given the brief period until the next election, the claimed illegitimacy will not likely impair the Board's ability to function effectively. Further, the Board has a strong incentive to act prudently, since each unit owner will be proportionately responsible for contractual obligations created. In sum, Mr. America has failed to establish that he will be irreparably injured absent injunctive relief.

Further, as the pleadings make plain, there will be rather complex legal issues to sort out as the case proceeds. At this preliminary stage, the arguments on the merits appear to be in equipoise.

For these reasons, the Motion for a Temporary Restraining Order is Denied. Further proceedings may be before any judge.

Dated: November 15, 2011

ATTORNEYS FOR PLAINTIFF:
NEAL PRATT
JONATHAN G MERMIN
PRETI FLAHERTY BELIVEAU PACHIOS & HALEY
PO BOX 9546
PORTLAND ME 04112-9546

G. Arthur Brennan
Justice, Superior Court, Active Retired

ATTORNEY FOR DEFENDANT:
GERALDINE G SANCHEZ
PIERCE ATWOOD LLP
MERRILL'S WHARF
254 COMMERCIAL STREET
PORTLAND ME 04101-4664

2