SAUFLEY, C.J.
[¶ 1] Before us are (1) Maine Today Media, Inc.’s expedited appeal from the Superior Court’s (York County, Mills, J.) denial of its motions for a stay and to intervene in the matter of State v. Strong and (2) its motion for a temporary restraining order,[1] seeking relief in the nature of mandamus or prohibition, or, in the alternative, for an emergency stay of the court’s order, seeking access for the public and the press to observe the process of jury voir dire in a criminal proceeding brought by the State against Mark Strong. See 14 M.R.S. § 5301 (2012); M.R. Civ. P. 81(c); M.R.App. P. 10.
[¶ 2] We address only the pending appeal and we deny the motion for a temporary restraining order and petitions seeking relief in the nature of mandamus or prohibition. We accept the interlocutory appeal according to the death knell exception to the final judgment rule. See Liberty v. Bennett, 2012 ME 81, ¶ 18, 46 A.3d 1141. In so doing, recognizing the press of time, we do not further address the right of intervention, and we reserve further analysis of the public’s right to intervene in criminal matters to future proceedings.
[¶ 3] The appeal presented by Maine Today requires attention to, and the balancing of, rights protected by the United States and Maine Constitutions:
• At the jury voir dire stage of a criminal trial, the public, including the press, has rights protected by the First Amendment to the United States Constitution. See Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty., 464 U.S. 501 [104 S.Ct. 819, 78 L.Ed.2d 629] (1984).
• At the same time, Mark Strong has the right to a public trial pursuant to the Sixth Amendment of the United States Constitution. See Presley v. Georgia, 558 U.S. 209 [130 S.Ct. 721, 175 L.Ed.2d 675] (2010).
• Both Strong and the State have the right to an impartial jury and a fair trial.
[¶4] The matter challenged here relates only to the jury selection process. The court initiated jury selection through a process regularly used in Maine courts that provided for extensive individual voir dire, with the practical effect that the public was excluded from the voir dire process. After jury selection had begun, the trial court received a letter from counsel for Maine Today asserting a greater right to public access. The court initially agreed to open the process to the public upon Strong’s agreement.
[¶ 5] After considering the options, however, Strong, in consultation with counsel, expressed concerns about the ability to draw an impartial jury if the process used by the court were changed. The court then agreed to continue with the individual voir dire process. Maine Today’s motion to intervene followed, at the end of the day of jury selection. Given the lateness of the request, the trial court denied the motion, and Maine Today filed the pending interlocutory appeal.
[¶ 6] We have determined that, in granting the defendant’s request for the *501 continuation of non-public voir dire, the court did not have an opportunity to consider all reasonable alternatives to closure in order to accommodate the right of the public to attend criminal trials, as required by Press-Enterprise, 464 U.S. at 508, 510-18, 104 S.Ct. 819.
[¶ V] The findings of the trial court reflect that the process barred the public, which includes the media, from voir dire based on the concern that juror candor would be reduced. Although the trial court exercises substantial discretion over the mode and conduct of voir dire, a generalized concern that juror candor might be reduced if voir dire is conducted in public is insufficient pursuant to Press-Enterprise to bar the public or media from the entirety of the process.
[¶ 8] Accordingly, we vacate the denial of the motion to intervene and allow intervention for the limited purpose of the matters addressed in this appeal.
[¶ 9] We vacate the court’s order barring the public from the entirety of the voir dire process. The matter is remanded for the trial court to conduct the remaining voir dire in a presumptively public manner, exercising its considerable discretion to prevent the dissemination of sensitive juror information. The public’s access to the jury selection that has already occurred can be addressed, again at the court’s discretion, by the release of appropriately redacted transcripts.
[¶ 10] Recognizing that the urgency of this matter has resulted in an order entered without direct input to this Court from the State and the defendant, we note that the parties have presented their positions regarding the public’s access to the jury selection in the record that is before us and that the parties will have an opportunity to address the future process of jury selection with the trial justice. Finally, in order to assure that we have not overlooked any aspect of the parties’ positions, we provide the following process: if the State, the defendant, or Maine Today wishes to file a motion for reconsideration, that party shall notify the trial justice and the Clerk of the Law Court of the party’s intent to do so by 2:00 p.m. today. In the absence of such notice, the mandate shall issue immediately to avoid any further delay of the proceedings. Any such motion shall be filed with the Clerk of the Law Court before 4:00 p.m. today, January 24, 2013.
The entry is:
Denial of the motion to intervene vacated. Intervention is allowed for the limited purpose of the matters addressed in this appeal. Order barring the public from the entirety of the voir dire process vacated. The matter is remanded for the trial court to conduct the remaining voir dire in a presumptively public manner, exercising its considerable discretion to prevent the dissemination of sensitive juror information.
If the State, the defendant, or Maine Today intends to file a motion for reconsideration, that party shall notify the trial justice and the Clerk of the Law Court of the party’s intent to do so by 2:00 p.m. today. Any such motion shall be filed with the Clerk of the Law Court before 4:00 p.m. today, January 24, 2013.

. See Ingraham v. Univ. of Me. at Orono, 441 A.2d 691, 693 (Me.1982).