STATE OF MAINE
YORK, SS.

SUPERIOR COURT
ALFRED
DOCKET NO.: CV-13- 56

J.D. STEWART FINANCIAL, INC., )
and JONATHAN STEWART, )
)
Plaintiffs )
)
v. )
)
KATHLEEN ANGEL LEE and KELLY )
MELLEN, aka KELLY GREEN, )
)
Defendants )
)

TEMPORARY RESTRAINING ORDER/
PRELIMINARY INJUNCTION

UPON THE COURT'S REVIEW of the Plaintiff's Motion for the issuance of a Temporary Restraining Order and a Preliminary Injunction against the Defendant, Kelly Mellen, aka Kelly Green, the Court finds that it clearly appears from specific facts shown by the Plaintiffs' verified complaint that immediate and irreparable injury, loss or damage will result to the Plaintiffs before the Defendant, Ms. Mellen, can be fully heard in opposition, and that the issuance of a Temporary Restraining Order against the said Kelly Mellen shall hereby be issued.

Alternatively, the Court finds that the Plaintiffs will suffer irreparable injury if an injunction is not granted; 2) such injury outweighs any harm which granting injunctive relief would inflict on the Defendants; 3) the Plaintiffs have exhibited a likelihood of success on the merits; and, 4) the public interest will not be adversely affected by granting the injunction. Ingraham v. University of Maine at Orono, 441 A.2d 691, 693 (Me. 1982).

Accordingly, it is hereby ordered that the Defendant, Kelly Mellen, aka Kelly Green, shall do the following things immediately:

1. Cease all income tax preparation and accounting work on behalf of any customer who was a customer of Thomas R. Lee Jr. Accounting while she was employed by that business;

2. Cease all communications with any customer who was a customer of Thomas R. Lee Jr. Accounting while she was employed by that business;

3. Cease making any print, written, internet or media references to her former affiliation with Thomas R. Lee Jr. Accounting;

4. Direct any customer who may contact Mellen in any manner and who was a customer of Thomas R. Lee Jr. Accounting to telephone J.D. Stewart Financial Services, Inc. at either their JDS's 74 Beach Street, Saco, ME 04072 office, telephone 207-283-0384, or at JDS's 76 Tandberg Trail, Windham, ME 04062 office, telephone 207-894-5523, as required by this Court's order requiring her to do so;

5. Refrain from giving any further explanations or information to any former Lee customers other than, if requested by them, their files, and to promptly report to Jonathan Stewart the date, identify of caller and phone number of each such customer;

6. Provide the Plaintiffs with a complete list of all customers who were customers of Thomas R. Lee Jr. Accounting while she was employed by that business, whom she has contacted in any way relating to her prospective or actual tax preparation business, and provide the Plaintiffs with a copy of all communications issued by her to such customers in that regard;

7. Provide the Plaintiffs with a complete list of all customers who were customers of Thomas R. Lee Jr. Accounting while she was employed by that business, for whom she has been asked or directed to perform any tax or accounting work;

8. Provide the Plaintiffs with a complete and full accounting of all customers who were customers of Thomas R. Lee Jr. Accounting while she was employed by that business, from whom she has collected any funds or from whom she has requested the payment of any funds; and,

9. Provide to the Plaintiffs a complete listing of the full amounts billed by and paid to her by any former Lee business customers, including, also, the dates of invoicing and of payment and a complete and correct copy of all such invoices and records of payment.

The Clerk is directed and authorized to enter this Order on the docket by reference, pursuant to the provisions of Me.R.Civ.P. 79(a).

_____          _____
Date                                              Justice

3/7/13    After review of pleadings and oral argument the court cannot conclude that without being a party to the purchase and sale agreement or subject to employment contract which prohibited use of any customer list, there is no duty of care from Ms. Mellen to the plaintiff. Further even if such existed, the impact of relief sought upon her customers outweighs the need for equitable relief when claim at law also exists

Motion is denied.

ATTORNEY FOR PLAINTIFF:
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005


ATTORNEY FOR DEFENDANT KATHLEEN ANGEL LEE:
HERSCHEL LERMAN
PO BOX 2010
BIDDEFORD ME  04005

ATTORNEY FOR DEFENDANT KELLY MELLEN:
TOM DANYLIK
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME  04005