STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-122

ROGER E. LACHANCE and
SUSAN M. LACHANCE,

2 OCT '15 PM3:52

Plaintiffs

v.

PRELIMINARY INJUNCTION

RANDY O. WOOD,
JENNIFER A. WOOD,
and WILLIAM TIERNEY,

Defendants

Before the court is plaintiffs' request for a preliminary injunction. The court concludes plaintiffs have shown

(1) they will suffer irreparable injury if the injunction is not granted;

(2) such injury outweighs any harm which granting the injunction would inflict on defendants;

(3) plaintiffs have exhibited a likelihood of success on the merits; and

(4) the public interest will not be adversely affected by granting the injunction.

Ingraham v. Univ. of Me., 441 A.2d 691, 693 (Me. 1982). Plaintiffs' loss of quiet enjoyment of their real property based on defendants' actions, which are undisputed on this record, is irreparable. Plaintiffs have shown a likelihood they will succeed in proving they own the real property at issue, including Harrington Lane.[1] Defendants will not be harmed by not entering real property they do not claim to own and do not allege includes a town road. The public interest will not be adversely affected by

---

[1] Plaintiffs refer to Harrington Lane and Harrington Avenue. (See, e.g., Pls.' Mem. 1 & Pls.' Ex. D; Pls.' Reply Mem. 1 & n.2; Todd Aff. ¶ 4 & Pls.' Exs. 3-4.) The court refers to Harrington Lane because that is the term used by plaintiff Roger Lachance and that is the term appearing on the Town of Long Island tax map. (Lachance Aff. ¶ 1; Pls.' Ex. D.)

preserving the status quo as this litigation proceeds and by protecting legitimate property rights.

The following is ordered:

> Plaintiffs' Motion for Preliminary Injunction is GRANTED. Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this order are preliminarily enjoined (1) from interfering with plaintiffs' quiet enjoyment and use of their real property located on Harrington Lane in Long Island, Maine, more fully described in deeds recorded in the Cumberland County Registry of Deeds on January 7, 1987 in Book 7584, Page 334 and on October 7, 2014 in Book 31829, Page 2; (2) from entering or crossing plaintiffs' real property at any location, including in the area of Harrington Lane, to access Island Avenue from the Woods' real property located in Long Island, Maine, more fully described in deeds recorded in the Cumberland County Registry of Deeds on January 25, 2000 in Book 15291, Page 69 and on August 30, 2000 in Book 15690, Page 345; (3) from making any use of plaintiffs' real property; and (4) from attempting to remove or relocate anything on plaintiffs' real property, including but not limited to a telephone pole. M.R. Civ. P. 65(d).
>
> This preliminary injunction will remain in effect until further order of court.
>
> Based on the circumstances of this case and the fact that defendants claim no legal right to use plaintiffs' real property or Harrington Lane specifically, the court waives the giving of security. M.R. Civ. P. 65(c).

The clerk is directed to incorporate this order into the docket by reference.

Dated: October 2, 2015

Nancy Mills
Justice, Superior Court

2

ROY PIERCE ESQ
JENSEN BAIRD GARDNER & HENRY
PO BOX 4510
PORTLAND ME 04112

DAVID GOLDMAN ESQ
PAUL DRISCOLL ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

KEITH GLIDDEN ESQ
VERRILL & DANA LLP
ONE BOSTON PLACE
SUITE 2330
BOSTON MA 02108

SETH COLBURN ESQ
VERRILL & DANA
PO BOX 586
PORTLAND ME 04112-0586