STATE OF MAINE                                  SUPERIOR COURT
YORK, ss.                                       DOCKET NO. CV-16-0182
                                                & CV-16-0183

KEITH A. GREGORY              )
                             )
        and                  )
                             )
DANIEL GOLODNER              )
                             )              **ORDER**
        Plaintiffs,          )
                             )
    v.                       )
                             )
JEFFREY J. CLARK,            )
                             )
        Defendant.           )

## I.    Background

### A. Procedural History

This case involves the administration of two trusts executed by Dr. Lawrence Golodner ("Dr. Golodner"). The two trusts were marital trusts for the benefit of Gail Golodner ("Gail"), Dr. Golodner's wife and one of the co-trustees, during her life, and upon her death the trust assets were to be distributed to the beneficiaries, plaintiffs Keith Gregory ("Gregory") and Daniel Golodner ("Mr. Golodner"). The plaintiffs-beneficiaries brought the instant consolidated verified complaints in July, 2016, alleging that the co-trustees, Gail and Jeffrey Clark ("Clark"), violated their fiduciary duties owed to them as beneficiaries. Plaintiffs then moved for a preliminary injunction to prevent the trustees from acting in that capacity and also moved to remove the trustees from their positions. Since this litigation began, Gail has died. Because the trust ended upon Gail's death, all that is left to do is to distribute the estate. As of the time of this Order, that matter is pending before the Probate Court, Docket No. 2013-475.

### B. Facts

1

Plaintiffs Keith Gregory and Daniel Golodner are beneficiaries of the two trusts that their father, Dr. Lawrence Golodner, executed. The first trust is a Revocable Trust dated September 26, 1989, amended and restated on June 27, 1995. The second trust is an Irrevocable Trust Agreement dated August 9, 1995 (together, the "Trusts"). These Trusts created marital trusts for Dr. Golodner's late wife, Gail. After her death, the Trusts' assets were to pass to Gregory and Mr. Golodner. On April 13, 2013, an additional sub trust was created by agreement of the beneficiaries to reserve $110,000 for Mr. Golodner's daughter, Alisha Kate Golodner, but only if Mr. Golodner was surviving at the time of Gail's death.

Originally, the trusts named Gail Golodner and Sidney White, a friend of Dr. Golodner, then Lawrence Scott Golodner, Dr. Golodner's nephew, as co-trustees. However, Jeffrey Clark was appointed to serve as co-trustee of both Trusts alongside Gail.

In their complaint, plaintiffs allege that Gail and Clark violated their fiduciary duties to them as beneficiaries of the trusts. Specifically, they allege that the trustees did not provide plaintiffs with any accountings or sufficient information about the Trusts despite requests for such information. (Compl. ¶¶ 20-30.) Plaintiffs also contend that Gail used her trustee powers to make distributions in violation of the trust agreements for her personal benefit. (Compl. ¶ 32.) They also allege that Clark made such distributions at Gail's direction and knew and/or did not stop the alleged breaches from happening. (Compl. ¶ 33.)

Plaintiffs further allege that Gail borrowed money from both trusts, secured by mortgages on her property. Plaintiffs assert that this money was then distributed to Donald and Ashley Birkbeck in exchange for receiving a life estate in property in South Berwick in violation of the trust agreements. (Compl. ¶ 35.) Again, plaintiffs allege that Mr. Clark participated in these

transactions. (Compl. ¶¶ 35-42.) Finally, they argue that distributions to Gail during her lifetime were excessive and thus a breach of the trustees' fiduciary duties. (Compl. ¶¶ 46-50.)

Taken as a whole, plaintiffs argue that these circumstances mandate removal of Jeffrey Clark as the remaining trustee of the trusts. However, as noted above, the only remaining activity the trust must do is distribute its assets according to the terms of the trust. A plan of distribution is currently before the Probate Court, who has the discretion to approve or deny said plan upon a challenge and monitor its implementation. 18-B M.R.S.A. § 817(1).

## II. Discussion

### A. Motion for Preliminary Injunction

Shortly after the instant complaints were filed, Gregory also filed a motion for preliminary injunction. In order to obtain injunctive relief, the movant must show: (1) that the movant will suffer irreparable harm if the injunction is not granted; (2) that such injury outweighs any harm which granting the injunctive relief would inflict on the non-movant; (3) that the movant has a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by granting the injunction. *Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶ 9, 837 A.2d 129 (citing *Dep't of Envtl. Prot. v. Emerson*, 563 A.2d 762, 768 (Me. 1989); *Ingraham v. Univ. of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982)); M. R. Civ. P. 65.

Plaintiffs have not shown that they will suffer irreparable harm without the injunction. No more distributions can be made to Gail as she has passed away. The only thing left to do concerning the Trusts is to distribute their assets to the beneficiaries: the plaintiffs and Alisha Golodner. Additionally, plaintiffs have not shown to this Court's satisfaction a likelihood of

3

success on the merits of the underlying case at this stage when the evidence is not sufficiently developed. Consequently, plaintiffs' motion for preliminary injunction is denied.

### B. Motion to Remove Trustee

Under the Uniform Trust Act as adopted by the Maine Legislature, this Court can remove a trustee only if:

**A.** The trustee has committed a serious breach of trust;

**B.** Lack of cooperation among cotrustees substantially impairs the administration of the trust;

**C.** Because of unfitness, unwillingness or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries; or

**D.** There has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available. 18-B M.R.S.A. § 706(2).

Plaintiffs allege that the sections above mandate Clark's removal as trustee. However, this Court is not prepared to take this action. From the record before the Court (only plaintiffs' verified complaint and several exhibits), this Court cannot yet find that Clark committed a serious breach of trust or that removal of Clark serves the best interests of the beneficiaries. A finding of serious breach of trust would only be appropriate after the record is more fully developed. The same is true of a finding of a substantial change of circumstances. Further, to utilize subsection D. of 18-B M.R.S.A. § 706(2), the plaintiffs also may need to first obtain the consent of Alisha Kate Golodner, as she is now a beneficiary of the Trusts. Further, because the Trusts only need to be distributed at this stage, removing and replacing Clark would incur unnecessary costs not in the best interests of the beneficiaries.

Additionally, the matter is now before the Probate Court, who has jurisdiction to approve or deny the plan of distribution and monitor its implementation. There is no indication that Clark is in a position to impact this process. Clark's removal would only cause the parties to suffer additional costs. Plaintiffs argue that Clark will likely misuse funds to pay for his own defense in

4

this action, and thus his removal his warranted to prevent the loss of these funds. However, these funds are included in the proposed plan of distribution before the Probate Court. Further, Clark could still request that the Probate Court to reserve such funds for his defense even if he were removed. Plaintiffs may challenge these funds in the Probate Court, but the chance that the Court may grant the reservation of funds for Clark's defense does not warrant his removal. If further circumstances arise indicating that Clerk's removal is proper, this motion may be renewed.

Since this Court has insufficient evidence before it to determine the merit of plaintiffs' breach of trust claims, there is no indication that Clark has the likelihood or even the ability to misuse trust funds going forward, and plaintiffs have not shown that removal is in the best interest of the beneficiaries, plaintiffs' motion to remove Jeffrey Clark as trustee is denied.

## III.    Conclusion

For the foregoing reasons, plaintiffs' motions for preliminary injunction and to remove Jeffrey Clark as trustee are denied.

The clerk shall make the following entries on the docket:

Plaintiffs' motion for preliminary injunction is hereby DENIED.
Plaintiffs' motion to remove trustee Jeffrey Clark is hereby DENIED.

SO ORDERED.
DATE: OCTOBER 3, 2017

_____
John O'Neil, Jr.
Justice, Superior Court

5

ALFSC-AP-17-20


ATTORNEY FOR PLAINTIFF:

JAMES AUDIFFRED, ESQ.
LAW OFFICE OF JAMES AUDIFFRED
PO BOX 1005
SACO  ME  04072


ATTORNEY FOR DEFENDANT CITY OF SACO:

TIMOTHY MURPHY, ESQ.
PRESCOTT JAMIESON MURPHY LAW
37 BEACH STREET
SACO  ME  04072


ATTORNEY FOR DEFENDANTS MSB, LCC & MEZOIAN DEVELOPMENT, LLC

DAVID R. ORDWAY, ESQ.
SHAHEEN & GORDON
199 MAIN STREET
SACO  ME  04072