STATE OF MAINE                      BUSINESS & CONSUMER DOCKET
CUMBERLAND, ss.                LOCATION:  PORTLAND
                                        DOCKET NO. BCD-CV-19-22


| | | |
|---|---|---|
| KITTERY FORESIDE, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER GRANTING IN PART AND |
| | ) | DENYING IN PART MOTION FOR |
| DONALD A. LIVINGSTON, | ) | PRELIMINARY INJUNCTION |
| ET AL., | ) | |
| | ) | |
| Defendants | ) | |


       Plaintiff Kittery Foreside, LLC ("Kittery Foreside") filed a Complaint for breach of contract, and now moves for a preliminary order enjoining Defendants Donald A. Livingston ("Livingston"), Donna Ryan ("Ryan"), 1828 Pepperrell Cove LLC ("Pepperrell Cove"), and 1828 Bistro at Pepperrell Cove, LLC ("1828 Bistro") from violating a non-compete clause and operating Bistro 1828 restaurant. For the reasons discussed below, the Court grants the motion with regard to Livingston, but otherwise denies the motion with regard to the remaining Defendants.

FACTS

       Kittery Foreside owns and operates a restaurant named Anneke Jans in Kittery, Maine. The restaurant was previously owned by Anneke Jans, LLC. Livingston was a member of Anneke Jans, LLC. Livingston and Ryan are married, and operated the Anneke Jans restaurant together.

1

In October 2010, Kittery Foreside was formed to purchase the assets of Anneke Jans. Jason Canty is the sole member of Kittery Foreside. On October 8, 2010, Anneke Jans, LLC and Livingston, as sellers, and Kittery Foreside and Canty, as buyers, entered into a Purchase and Sale Agreement for all of the material assets of the Anneke Jans restaurant. There were no other signatories or parties to the Purchase and Sale Agreement.

The Purchase and Sale Agreement contains a non-compete clause. The clause provides in relevant part as follows:

> 9. NON-COMPETE; NON-SOLICITATION.
> (a) Subject only to the Excluded Business as defined in Section 9(b) below, the Sellers, the Seller's wife, and their respective Affiliates shall not, for a period of ten years from the Closing Date (the "Non-Compete Period"), directly or indirectly, whether independent or in association with a another entity: own, manage, operate, join, control, be employed when an executive, managerial or supervisory capacity by, or participate in or be connected with, loan money to, sell or lease equipment to more allow their skill, knowledge, experience or reputation to be used in connection with any business that competes directly or indirectly with any of the activities of Seller in existence as of the date this Agreement or the Closing Date, within Kittery, Maine and fifteen miles of Kittery, Maine. For purposes of this Section 9(a), "participate" includes any direct or indirect interest in any enterprise, whether as a stockholder, partner, joint venture or otherwise or rendering any direct or indirect service or assistance (including as a creditor for money borrowed) to any entity or person. Sellers and each of their Affiliates agree that this covenant is reasonably designed to protect Buyers substantial investment in the business it is reasonable with regard to its duration, geographic area and scope.
> * * *
> (e) Sellers acknowledge that the restrictions under this Section constitute a material inducement to Buyers' entering into and performing this Agreement, further acknowledge, stipulate and agree that a breach of

2

any of the respective several obligations and agreements set forth in this Section will result in irreparable harm and continuing damage to Buyer for which there will be no adequate remedy at law and further agree that in the event of any breach of said obligations and agreements, Buyer and its successors and assigns will be entitled to injunctive relief into such other relief as is proper under the circumstances.

In 2018, Livingston participated in the Pepperrell Cove Group (the "Group"), an unincorporated group of entrepreneurs[1] who (through various companies) own and operate restaurants in Kittery, Maine, including Frisbee's Wharf and Bistro 1828. Livingston was introduced to employees as an owner of the Group. On a daily basis, Livingston was integrally involved in the operation of restaurants affiliated with the Group. Employees of the restaurants provided Livingston with meals at no charge as an owner comp. Livingston met with employees of the restaurants to request that they sign nondisclosure agreements. The restaurants affiliated with the Group compete with Anneke Jans.

ANALYSIS

In order to prevail on a motion for preliminary injunction, the moving party must show (1) that the plaintiff will suffer the irreparable injury in the absence of injunctive relief; (2) that the injury to plaintiff outweighs any harm which granting injunctive relief would inflict on the defendant, (3) that the plaintiff have demonstrated a likelihood of success on the merits (at most, probability; at least, a substantial possibility); and (4) that the public interest would not be adversely

---

[1] The parties spar over the legal status of the Group, but it is undisputed that the Group was not a party to the Purchase and Sale Agreement, and so the Court does not need to weigh in on the dispute at this juncture.

affected by granting the injunction. *Bangor Historic Track Inc. v. Department of Agriculture*, 2003 ME 140, ¶ 9, 837 A.2d 129; *Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me. 1982). In this case, Kittery Foreside has made the necessary showing with regard to Livingston, but not with regard to the other Defendants.

The Court starts its analysis with the question of success on the merits. Livingston was a party to and signed the Purchase and Sale Agreement in October 2010. In the context of the Purchase and Sale agreement, a ten year noncompete, geographically applicable to the town of Kittery, Maine, and designed to protect the business of the buyer from competition from the sellers, is reasonable in scope, duration, and interest to be protected. Within the ten year noncompete period, Livingston became integrally involved with the Group and the restaurants affiliated with the Group. The restaurants affiliated with the Group compete with Anneke Jans. Livingston therefore the violated the prohibition against participating directly or indirectly with any competing business or enterprise. Accordingly, Kittery Foreside has demonstrated a probability of success on the merits against Livingston.

Kittery Foreside also seeks to enjoin Ryan, Pepperrell Cove, and 1828 Bistro. However, Ryan, Pepperrell Cove, and 1828 Bistro are not parties to the Purchase and Sale Agreement, and are therefore not bound by the noncompete clause contained in Agreement. Kittery Foreside argues that Ryan is nevertheless bound by the Agreement, because Ryan is married to Livingston, and the text of the noncompete clause explicitly applies to "Seller's wife." However, Ryan did not sign the Purchase

4

and Sale Agreement, and was not made a party to the Agreement.[2] Kittery Foreside further argues that because Ryan was a member of Anneke Jans, LLC,[3] and Anneke Jans, LLC was a party to the Agreement, that Ryan is bound by the Agreement. However, under Maine law "[a] limited liability company is an entity distinct from its members." 31 M.R.S. § 1504(1). Hence, Ryan did not become an individual party to the Purchase and Sale Agreement simply because the limited liability company in which she may have been a member executed the Agreement. As a result, Kittery Foreside has not shown a likelihood of success on its breach of contract claims against Ryan, Pepperrell Cove and 1828 Bistro.[4]

Next, Kittery Foreside has satisfied its burden to show irreparable injury in the absence of injunctive relief against Livingston. In the Purchase and Sale Agreement itself, Livingston explicitly acknowledged his violation of the Agreement would "result in irreparable harm and continuing damage to Buyer for which there will be no adequate remedy at law and [he] further agree[s] that in the event of any breach of said obligations and agreements, Buyer and its successors and assigns will be entitled to injunctive relief." In the context of a Purchase and Sale Agreement, the Court will not now entertain Livingston's remonstrations to the contrary. Moreover,

---

[2] Kittery Foreside's motion is primarily aimed at Ryan, and Kittery Foreside offers substantial evidence of Ryan's involvement in a competing restaurant. Because the Court finds that Ryan is not contractually bound by the Purchase and Sale Agreement, the Court declines to make any fact findings with regard to Ryan. And because the Court has found the merits-of-success criteria is otherwise satisfied with regard to Livingston, the Court does not address whether, as a party and signatory to the Purchase and Sale Agreement, Livingston has any contractual responsibility to ensure "Seller's wife" complies with the noncompete clause.

[3] The Court notes that Kittery Foreside has not established that Ryan was a member of Anneke Jan, LLC.

[4] Because Kittery Foreside has failed to satisfy this criterium with regard to Ryan, Pepperrell Cove, and 1828 Bistro, there is no need for the Court to review the other preliminary injunction criteria with regard to these three Defendants.

under the facts presented, the Court finds that by providing his skill, knowledge, experience, and reputation to the Group and the restaurants affiliated with the Group, in contravention of his Agreement not to, Livingston has irreparably damaged Kittery Foreside and there is no adequate remedy at law.

Finally, Kittery Foreside easily carries its burden with regard to the final two preliminary injunction criteria. Livingston bargained for a ten year noncompete prohibiting him from participating in competing businesses. Whatever harm befalls Livingston from an injunction, the harm was brought on by Livingston himself, and is outweighed by the harm to Kittery Foreside. And because Livingston entered into a reasonable noncompete in connection with the purchase and sale of assets, the public interest will not be adversely affected by granting the injunction.

CONCLUSION

For all of these reasons, the Court GRANTS Kittery Foreside's motion for preliminary injunction with regard to Livingston. Livingston is enjoined from participation in or involvement with the Group and any restaurants affiliated with the Group, along with any other business that compete with Anneke Jans. The Court DENIES Kittery Foreside's motion for preliminary injunction with regard to Ryan, Pepperrell Cove, and 1828 Bistro.

SO ORDERED. Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

May 20, 2019.

_____/s_____
Michael A. Duddy
Judge, Business and Consumer Docket

6