STATE OF MAINE
SAGADAHOC, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-2014-22

ROBERT and JANET COVINO,  )
                Plaintiff,  )
                                  )
                                  )
              v.  )              **JUDGMENT**
                                  )
                                  )
ALLEN R. GOODRICH,  )
                Defendant.  )

A bench trial was held in this matter on September 15, 16, and 29, 2016 concerning a dispute over the boundary between the parties' properties located on the Five Islands Road in Georgetown, Maine. Based on the evidence presented at trial and the legal arguments made by the parties, the court makes the following findings of fact, conclusions of law, and judgment on specific claims.

## Competing Claims for Declaratory Judgment

Both parties have brought claims for Declaratory Judgment asking the court to declare that they are the record owner of the property in dispute. Both parties provided expert testimony from surveyors to support their claims. Ultimately, the court finds the opinion of both surveyors to be unpersuasive.

The court is unable to rely upon the opinion of the Plaintiffs' expert, John Wood, for several reasons. Surveyor Wood reaches his conclusion, in large part, by relying on an unrecorded survey that was completed in 1973 by Allen Hey. The Hey survey is fatally flawed and unreliable because it establishes the line in the area in dispute primarily based on monuments not referenced in any deed. Wood's opinion offered at trial is also contradicted by the notes included in the survey he produced, by written statements made to the Plaintiffs, and by his earlier work on the westerly boundary of the Covino property.

The court is also not persuaded by the testimony of the Defendant's expert, Bruce Martinson. Surveyor Martinson's opinion rests on a conclusion that "the Maine road leading to Five Islands Harbor" referenced in the 1898 deed describing the parties' common boundary was relocated between 1898 and 1934. Surveyor Martinson describes rocks lying between the Five Islands Road and a large ledge near the Covinos' driveway as "visible remnants of old road bed." The court rejects this characterization. There is no evidence that supports a conclusion that the road was relocated between 1898 and 1934 and the terrain in the area in question suggests that such a relocation is unlikely. The court also rejects the Defendant's contention that the X in the ledge

1

located more than 100 feet south of the Five Islands Road is "the cross (x) in a rock" referenced in the deed.

For these reasons, both parties have failed to establish by a preponderance of the evidence that they are the record owner of the property in dispute. As a result, the court declines to enter judgment for either party on the competing claims for declaratory judgment and those counts are dismissed. For the same reasons, the Plaintiffs have also failed to establish their claims in Counts II and III of their complaint by a preponderance of the evidence and the court declines to enter judgment on those counts and those counts are also dismissed.

## Plaintiffs' Common Law & Statutory Adverse Possession Claim

A party claiming title by adverse possession pursuant to the common law must prove by a preponderance of the evidence that its possession and use of the property were: (1) "actual"; (2) "open"; (3) "visible"; (4) "notorious"; (5) "hostile"; (6) "under a claim of right"; (7) "continuous"; (8) "exclusive"; and (9) of a duration exceeding the twenty-year limitations period. Falvo v. Pejepscot Indus. Park, 1997 ME 66, P8, 691 A.2d 1240, 1243. "Whether specific acts are sufficient to establish the elements of adverse possession can only be resolved in light of the nature of the land, the uses to which it can be put, its surroundings, and various other circumstances." Id. (internal quotations omitted).

Based on the evidence presented at trial, the court finds the following facts:

The Covino driveway was located in its current location in the 1940s. In 1969, the top of the Covino driveway was paved and tire tracks were paved running most of the way down the hill. In 2011, the entire driveway was paved by the Covinos at a cost of approximately $9000. The improvements made to the driveway are of the type that would be made by an owner, not the type of use that would be expected by a guest or occasional recreational user. Since at least 1966, the driveway has been the only means of vehicular access to the Covino property and has been consistently used by the Covinos to access their property since that time.

The Covinos bought out the interests of other family members in the property in 1966. From that time until the early 1980s, the Covinos and their daughters would typically come to the property most weekends from May to October, as well as spending at least one week at the property during the summer. Since the early 1980s, the weekend use of the property has been less, in the range of six to ten weekends most years. The Covinos also regularly parked at the foot of the driveway and slightly to the east of the driveway at the bottom of the hill.

At all times since 1966, the Covina's have maintained the land in dispute as their own, storing boats on the property; landscaping the property in question; and conducting their summer recreational activities in the disputed area just as they did on the undisputed portions of their property. From 1957 to 1980, a portion of the cabin on the property was located in the disputed area. From 1989 to 2013, the Defendant was paid by members of the Plaintiffs' family to provide landscaping services on the Covinos' property, including on the land in dispute.

2

The court finds that these facts are sufficient to establish by a preponderance of the evidence the Plaintiffs' claims of adverse possession of the driveway and any disputed land to the west of the driveway. The Plaintiffs' have also established their claim from the end of the paved way south to the shore of Harmon's Harbor Creek. Judgment is entered for the Plaintiffs on Counts IV and V of the Plaintiffs' Complaint[1].

## Plaintiff's Acquiescence Claim

The Plaintiff's claim of title by acquiescence fails because the driveway is not a visible line marked clearly by monuments, fences or the like. This claim is also contradicted by their position that they actually own to a line east of the driveway. As a result, judgment is entered for the Defendant on Count VI of the Plaintiffs' Complaint.

## Plaintiff's Prescriptive Easement Claim

The party claiming a prescriptive easement must prove the following elements: "(1) continuous use for at least twenty years; (2) under a claim of right adverse to the owner; (3) with the owner's knowledge and acquiescence, or with a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." Androkites v. White, 2010 ME 133, ¶ 14, 10 A.3d 677.

The facts found elsewhere in this order are sufficient to establish the Plaintiffs' claim for a Prescriptive Easement across the driveway located in the area in dispute. As a result, judgment is entered for the Plaintiffs on Count VII of the Plaintiffs' Complaint.

## Plaintiffs' Request for a Permanent Injunction

The Plaintiffs' seek to have the Defendant permanently enjoined from trespassing on the disputed property.

In Ingraham v. University of Maine at Orono, 441 A.2d 691, 693 (Me. 1982), The Law Court set forth the criteria that generally must be met by the party seeking a permanent injunction: (1) [defendants] would suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on [plaintiffs]; (3) the public interest will not be adversely affected by granting the injunction. The court of equity should not consider these factors in isolation but should weigh all the criteria together in determining whether injunctive relief was proper in the specific circumstances of each case. See Department of Environmental Protection v. Emerson, 563 A.2d 762, 768 (Me. 1989).

---

[1] The court is prepared to enter a recordable judgment pursuant to 14 M.R.S. §2401 if a legal description consistent with this Judgment is submitted within 15 days of the date of this judgment. The description submitted with the Plaintiffs' post-trial brief is not consistent with this order.

3

In this case, the Plaintiffs' have not brought forth sufficient evidence to establish that they would suffer irreparable injury if the injunction were not granted. Therefore, judgment is entered for the Defendant on Count VIII of the Plaintiffs' Complaint.

## Defendant's Slander of Title Claim

For the reasons explained above, the Defendant has failed to establish that he has title to the property in question. Therefore, his claim of Slander of Title must fail because he has been unable to establish that the statements in question are false. As a result, judgment is entered for the Plaintiffs on Count II of the Amended Counterclaim.

## Defendant's Prescriptive Easement Claim

The Defendant's claim for a prescriptive easement over the driveways is undermined by his communications with the Covino family members about the use of the driveway by others. He asked if they would like him to close the driveway from use by others when the Covinos were not present. These communications suggest that, at the time, the Defendant believed that the Covinos were the owners of the property and does not support a conclusion that he used the driveway under a claim of right adverse to the Covinos. Also, the first time that the Covinos saw a boat of the Defendant's in the disputed area, they asked the Defendant to move it and he did. In addition, the Defendant testified that before 2013 he only rarely used the property when the Covinos were present in Georgetown. As a result, he can not establish that his use of the property was "with the owner's knowledge and acquiescence, or with a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed."

For these reasons, judgment is entered for the Plaintiffs on Count III of the Amended Counterclaim.

The court deems the Plaintiffs to be the prevailing party in this matter and they are entitled to recover their costs from the Defendant as allowed by statute and court rules.

The Clerk is directed to incorporate this Judgment by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure

Dated: June 8, 2017

JUSTICE, MAINE SUPERIOR COURT

4