STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. RE-20-98

ERIC J. BONIN and
DIANE BONIN,

                Plaintiffs                        ORDER ON PRELIMINARY
                                                  INJUNCTION

        v.

DANIEL STANTON,

                Defendant

The matter before the court is Plaintiffs Eric and Diane Bonin's ("Bonins") motion for a temporary restraining order, preliminary injunction and sanctions, and a request for an expedited hearing.

Background

Eric Bonin is the record owner of two properties in Casco, Maine: 16 Harmony Road and 20 Garland Road. (Mot. at 2.) He shares and uses these properties with his wife, Diane Bonin. *Id.* He received these properties through a conveyance by deed from Michael Breton, Mark Breton, Stephen Breton, Cheryl Ahearn and Diane Brazier dated June 29, 2017. *Id.* The deed was recorded in the Cumberland County Registry of Deeds in Book 34125, Page 127. This deed conveyed parcels of land numbered 371, 372 and 373 (20 Garland Road) and 340, 341 and 342 (16 Harmony Road), shown on a plan of Sebago Lakes Shores, recorded in the Cumberland County Registry of Deeds in Plan Book 21, Page 11. *Id.* Bonin's immediate predecessor in title obtained their interest in the property via two deeds dated March 14, 2015 and recorded in the Cumberland County Registry of Deeds in Book 32171, Page 293 and Book 32171, Page 300. *Id.* at 3.

1

The plan for Sebago Lakes Shores indicates that the lots that are now referred to as 16 Harmony Road would be accessible by Harmony Road. (Kennedy Aff. Ex. B.) However, that road was apparently never finished. (Mot. at 3.) In its current state, Harmony Road allegedly begins at Lake Shore Drive and ends at 16 Harmony Road. The Bonins allege that Harmony Road is the only access point to 16 Harmony Road by motor vehicle, which is consistent with the plan document for Sebago Lakes Shores.

Defendant Daniel Stanton ("Stanton") lives in the last house on Harmony Road before 16 Harmony Road, designated 12 Harmony Road. *Id.* The Bonins allege that Stanton placed obstructions in Harmony Road in the Summer of 2017. *Id.* They further allege that Stanton approached them shortly after they purchased the property and insisted that Harmony Road was his land. *Id.* The Bonins allege that over the subsequent years Stanton has increasingly obstructed the road with a large bus, multiple trailers, boulders, large pieces of timber and other debris, to the point that it is currently impassable by vehicle or even foot traffic. *Id.* at 4. Furthermore, they allege that Stanton has disrupted the surface of Harmony Road, which is unpaved, using an excavator. *Id.*

Eric Bonin's predecessor in title also had similar issues with Stanton. In 2006, Norma Eva Breton filed a lawsuit against Stanton for private nuisance based on very similar allegations. *Id. at* 5. In that case, Breton alleged that Stanton had completely obstructed Harmony Road with piles of lumber, dirt, boulders and equipment so that vehicles could no longer reach 16 Harmony Road. *Id.* Justice Delahanty ruled in Breton's favor and enjoined Bonin from any further interference with Breton's rights. *Id.*, see Exhibit A to complaint, decision by Justice Delahanty dated June 28, 2007, *Norma Eva Breton v. Daniel Stanton*, Superior Court, Cumberland County, CV-06-536.

2

Stanton insists that he is the owner of half of Harmony Road, but that he has only placed things on his land. He seems to acknowledge that he changed behavior after the Bonins acquired the property, as he insists that Justice Delahanty's prior decision only applies to Breton and not to the Bonins. His opposition to the current motion primarily rests on this legal claim and the fact that the Bonins did not commission a survey to identify where on the face of the earth Harmony Road is located.

Standard

Maine courts take "a conservative attitude towards injunctions, holding the injunction to be an extraordinary remedy only to be granted with the utmost caution when justice urgently demands it and the remedies at law fail to meet the requirements of the case." *Saga Commons of New England v. Voornas*, 2000 ME 156, ¶ 19, 756 A.2d 954 (internal quotation marks omitted). In order to succeed on its motion for a preliminary injunction pursuant to M.R. Civ. P. 65(b), the moving party has the burden of establishing (1) that they are likely to succeed on the merits—in the least, a substantial (not just reasonable) possibility of success, and, at the most, that success is probable; (2) they will suffer irreparable injury if the court does the not grant the injunction; (3) any such injury to the moving party outweighs any harm the nonmoving parties will suffer if the court grants the injunction; and (4) that granting the injunction will not adversely affect the public interest. *Ingraham v. University of Maine*, 441 A.2d 691, 693 (Me. 1982); *see Dep't of Envtl. Prot. V. Emerson*, 563 A.2d 762, 768 (Me. 1989) (indicating that the moving party must "show a clear likelihood of success on the merits, not just a reasonable likelihood"). A court will grant a preliminary injunction only if the moving party satisfies all four criteria such that it "clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant" in

the absence of injunctive relief. *Bangor Historic Track v. Dep't of Agriculture*, 2003 ME 140, ¶ 10, 837, A.2d 129.

Likelihood of Success on the Merits

The Bonins have clearly demonstrated a likelihood of success on the merits. The court credits their affidavits as to the location of Harmony Road, especially given the plan documents for Sebago Lakes Shores, included in their submission. Most persuasive, however, is Justice Delahanty's prior decision. He found that the Bonins' predecessor in title had a right of way easement on Harmony Road and enjoined Stanton from the very conduct he is accused of here.

Stanton's belief that Justice Delahanty's previous clarification of Breton's rights does not have any bearing on the Bonins' rights is misguided. While it is true that the language of Justice Delahanty's injunction specifically names Breton, right of way easements of this sort generally run with the land. *See Testa's, Inc. v. Coopersmith*, 2014 ME 137, ¶ 12, 105 A.3d 1037 (appurtenant easements attach to dominant estate and entitle dominant estate's owner to use servient estate's land in some manner). Thus, the Bonins, as successors in title, would be entitled to the use of any appurtenant easements attached to the land that Breton formerly owned, unless that easement was somehow destroyed. Neither party alleges that this is the case.

The court finds that the Bonins have shown a substantial probability of success on the merits here.

Irreparable Injury

The Bonins have easily met their burden on establishing an irreparable injury. Harmony Road is the only means of access to 16 Harmony Road for motor vehicles. As the Bonins point out, this blocks off access not only for their vehicles, but for emergency vehicles which might

4

need to access the property. If the obstruction is allowed to continue, the Bonins will have been deprived of the unique nature of their property, which the court agrees is an irreparable injury.

Balancing of Injuries

As for the balance of hardships, the harm Stanton could conceivably incur is significantly less than the Bonins. Even assuming for the sake of argument that Stanton is correct that somehow Justice Delahanty's prior order did not clarify his property rights in a way that is dispositive of the current action, an injunction to allow the Bonins to access their land via Harmony Road is far less burdensome than the harm they would suffer from having no access to the property by motor vehicle. At most, Stanton would be temporarily enjoined from obstructing a small portion of land, which is a relatively minor burden on his use and enjoyment of the property.

Public Interest

As the Bonins point out, it is a crime and legal nuisance to obstruct or encumber a private way or street. 17 M.R.S. § 2802. There is also a strong public interest in ensuring respect for the judgments of the courts of Maine, given that it appears that Stanton is in some sense trying to disregard Justice Delahanty's prior decision. Public interest weighs in favor of granting the injunction.

Sanctions

The Bonins have also asked the court to initiate contempt proceedings against Stanton for his conduct, which they argue violates Justice Delahanty's prior injunction. The court declines to do so at this time. Justice Delahanty's order, while it is very persuasive as to the rights of the parties, did specifically name Breton. Thus, while Stanton may be mistaken as to the relevance of that prior case, the court will not initiate contempt proceedings at this time. If, however, Stanton

5

violates the preliminary injunction entered by the court in this order by failing to clear the obstructions and restore the road to a flat surface suitable for vehicular passage, contempt proceedings may very well be appropriate.

The entry is

A preliminary injunction will be GRANTED as follows:

(1) It is ORDERED that Defendant Stanton shall forthwith and without delay remove any and all obstructions on Harmony Road and in the way formerly possessed by Plaintiffs Eric and Diane Bonin's predecessor in title, Norma Breton.
(2) It is further ORDERED that the defendant shall forthwith and without delay restore and return Harmony Road to a flat surface suitable for vehicular crossing by personal automobiles and emergency vehicles.
(3) The defendant Daniel Stanton and any agent, servant or employee acting with him, or at his direct or indirect instruction, is preliminarily enjoined against further obstructing Harmony Road in any manner or by any means, or otherwise interfering with the rights of the plaintiffs or their guests or invitees to the use of Harmony Road.

The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: March 5 , 2021

Harold Stewart, II
Justice, Superior Court

Entered on the Docket: 3/5/2021

6